IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GLORIA SAULOG, | § | |
|     Plaintiff | § | |
| | § | |
| v. | § | |
| | § | |
| GROUP LONG TERM DISABILITY PLAN | § | CIVIL ACTION NO. 4:15-CV-00961 |
| FOR EMPLOYEES OF DAVITA, INC., and | § | |
| HARTFORD LIFE AND ACCIDENT | § | |
| INSURANCE COMPANY, | § | |
|     Defendants | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f)
FEDERAL RULES OF CIVIL PROCEDURE**

TO THE HONORABLE NANCY F. ATLAS, UNITED STATES DISTRICT JUDGE:

    Plaintiff Gloria Saulog ("Saulog") and Defendants Group Long Term Disability Plan for the Employees of Davita, Inc. ("Plan") and Hartford Life and Accident Insurance Company ("Hartford") file this Joint Discovery/Case Management Plan and would show:

**1.** **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including the name, address, bar number, phone and fax numbers, and email addresses.**

    ANSWER: As required by Rule 26(f), the parties conferred on June, 29, 2015. Saulog was represented by her lead counsel, William Herren. The Plan and Hartford were represented by their lead counsel, L. Kim Basinger.

**2.** **List the cases related to this one that are pending in any state or federal court with the case number and court.**

    ANSWER: Counsel are aware of no cases related to this one pending in any state of federal court.

3. **Briefly describe what this case is about.**

   ANSWER: This lawsuit involves a claim for long-term disability benefits under a policy governed by ERISA.

4. **Specify the allegation of federal jurisdiction.**

   ANSWER: This Court has jurisdiction under 29 U.S.C. §1132 (e).

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

   N/A.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

   ANSWER: The parties do not anticipate that it will be necessary to add any additional parties.

7. **List anticipated interventions.**

   ANSWER: The parties do not anticipate any interventions.

8. **Describe class-action issues.**

   ANSWER: The parties do not anticipate any class-action issues.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

   ANSWER: The parties agree that Hartford should produce, but not file, a Bates numbered copy of the proposed administrative record on or before July 15, 2015. Plaintiff should object to documents in the proposed administrative record or suggest the inclusion of omitted documents on or before August 1, 2015.

10. **Describe the proposed agreed discovery plan, including:**

    a. **responses to all of the matters raised in Rule 26(f), including any agreements (and disputes) concerning electronic discovery.**

ANSWER: The parties agree that Hartford should produce, but not file, a Bates numbered copy of the proposed administrative record on or before July 15, 2015. Plaintiff should object to documents in the proposed administrative record or suggest the inclusion of omitted documents on or before August 1, 2015. The parties believe that discovery can be completed by January 1, 2016, with further stipulation that the parties may extend the discovery deadline by agreement or leave of court.

b. **when and to whom the plaintiff anticipates it may send interrogatories.**

ANSWER: Unknown at this time. Plaintiff anticipates she may send interrogatories on the issue of a conflict of interest on the part of the administrator within 60 days after this Joint Discovery/Case Management Plan is filed.

c. **when and to whom the defendant anticipates it may send interrogatories.**

ANSWER: Defendants contend that discovery is generally limited to the administrative record in ERISA benefits cases and, therefore, do not anticipate sending interrogatories at this time.

d. **of whom and by when the plaintiff anticipates taking oral depositions.**

ANSWER: None.

e. **of whom and by when the defendant anticipates taking oral depositions.**

ANSWER: Defendants contend that discovery is generally limited to the administrative record in ERISA benefits cases and, therefore, do not anticipate taking oral depositions at this time.

f. (i) **the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party;**

ANSWER: Plaintiff does not anticipate designating experts in this case which is governed by ERISA, but may rely on any expert reports included as part of the administrative record.

(ii) **the date experts for defendants will be designated and their reports provided to opposing party;**

ANSWER: Defendants do not anticipate designating experts in this case which is governed by ERISA, but may rely on any expert reports included as part of the administrative record.

    g. **list of expert depositions that the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. (*See* Rule 26(a) (2) (B) (expert report)); and**

    ANSWER: None.

    h. **list of expert depositions the defendants (or opposing parties) anticipate taking and their anticipated completion date. (*See* Rule 26(a)(2)(B) (expert report));**

    ANSWER: Defendants contend that discovery is generally limited to the administrative record in ERISA benefits cases and, therefore, do not anticipate taking expert depositions at this time.

11. **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

    ANSWER:

    Plaintiff's response:  It is Plaintiff's contention that discovery is permissible on the issue of a conflict of interest on the part of the administrator.

    Defendant's response:  Defendants do not dispute that, under Fifth Circuit precedent, Hartford has an inherent conflict of interest since it is the claims administrator and funds plan benefits. See *Metropolitan Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2350 (2008). *Vega v. National Life ins. Service, Inc.*, 188 F.3d 287, 297 (5th Cir. 1999).  The Court may consider this as a factor in determining whether there was an abuse of discretion. However, if the Court is inclined to allow any discovery regarding the inherent conflict of interest, it should be very narrowly tailored to that purpose.

12. **Specify the discovery beyond initial disclosures that has been undertaken to date.**

    ANSWER:  No discovery has been conducted at this time.

13. **State the date the planned discovery can reasonably be completed.**

    ANSWER:  All discovery should be completed by January 1, 2016.

14. **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in the Rule 26(f) hearing.**

    ANSWER:  The parties have discussed the possibility of prompt settlement, and are currently engaged in settlement negotiations.

15. **Describe what each party has done or agreed to do to bring about a prompt resolution of this dispute.**

    ANSWER:  The parties are currently engaged in settlement negotiations and have agreed to discuss the appropriateness of mediation.

16. **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

    ANSWER:  Should the parties engage in ADR, they agree that mediation is appropriate and should be conducted prior to the deadline for dispositive motions.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    ANSWER:  The parties have not consented to trial before the magistrate.

18. **State whether a jury demand has been made and whether it was made on time.**

    ANSWER:  This case is not eligible for trial by jury.

19. **Specify the number of hours that it will take to present the evidence in this case.**

    ANSWER:  Should trial briefs be filed, it should require no more than 8 hours to present evidence and arguments in this case.

20. **List pending motions that could be ruled on at the initial pretrial conference.**

    ANSWER:  There are no pending motions.

21. **List other pending motions.**

    ANSWER:  N/A.

22. **Indicate other matters peculiar to the case, including but not limited to traditional and electronic discovery issues, that eserve the special attention of the court at the conference.**

    ANSWER:  In the event Plaintiff sends interrogatories on the issue of a conflict of interest on the part of the administrator, the Court may need to address the allowable scope of discovery in the context of this lawsuit which involves a claim for long-term disability benefits under a policy governed by ERISA.

23. **Certify that all parties have filed Disclosure of Interested Parties, as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original disclosures and any amendments.**

    ANSWER:  The parties jointly certify they have filed Disclosures of Interested Parties. Plaintiff filed her Certificate of Interested Parties on June 30, 2015.  Defendants filed their Certificate of Interested Parties on June 22, 2015.

24. **List the names, bar numbers, addresses, and telephone numbers of all counsel.**

    ANSWER:

    William C. Herren
    State Bar No. 09529500
    6363 Woodway, Suite 825
    Houston, Texas 77057
    (713) 682-8194
    (713) 682-8197 (Fax)
    billh@herrenlaw.com

    Attorney for Plaintiff


    L. Kim Basinger
    State Bar No. 01869800
    Federal Bar No. 24923
    Wilson Grosenheider Jacobs &
    Loiacono, L.L.P.
    3410 Far West Blvd., Suite 205
    Austin, Texas 78731
    (512) 478-1657
    (512) 478-9016 (Fax)
    kimbasinger@wgmj.com

    Attorneys for Defendants

Respectfully submitted,

By:   /s/ William C. Herren w/permission
     William C. Herren
     State Bar No. 09529500
     6363 Woodway, Suite 825
     Houston, Texas 77057
     (713) 682-8194
     (713) 682-8197 (Fax)
     billh@herrenlaw.com

     Attorney for Plaintiff


By:   /s/ L. Kim Basinger
     L. Kim Basinger
     State Bar. No. 01869800
     Federal Bar No. 24923

     Attorneys for Defendants


## CERTIFICATE OF SERVICE

    By my signature above, I, L. Kim Basinger, do hereby certify that on June 30, 2015, a true and correct copy of the foregoing pleading was electronically filed with the clerk of the U.S. District Court, Southern District of Texas, using the electronic case filing system of the Court and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorney of record:

William C. Herren
6363 Woodway, Suite 825
Houston, TX  77057